UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER SHEFMAN,

    Plaintiff,

vs.

Case No. 2:18-cv-11477
Honorable David M. Lawson
Magistrate Anthony P. Patti

AMERICAN AIRLINES, INC.,

    Defendant.

---

Danielle Cadoret (P77162)
*Attorney for Plaintiff*
400 Monroe Avenue, Suite 290
Detroit, Michigan  48226
(734) 925-6655
(734) 808-0078 (Fax)
DCadoret11@gmail.com

JAFFE RAITT HEUER & WEISS, PC
Scott R. Torpey (P36179)
Justin M. Schmidt (P78125)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant*
27777 Franklin Road, Suite 2500
Southfield, MI  48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@jaffelaw.com
jschmidt@jaffelaw.com
toconnell@jaffelaw.com

---

**DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AND PUNITIVE DAMAGES REQUEST**

Defendant American Airlines, Inc., by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., respectfully moves this Court under Fed. R. Civ. P. 12(b)(6) to dismiss with prejudice Plaintiff Peter Shefman's ("Plaintiff") negligent infliction

1

of emotional distress claim and request for punitive damages, for failure to state a claim upon which relief can be granted against American. The facts and law in support of this motion are set forth with particularity in the accompanying memorandum of law, which American files in conformity with E.D. Mich. L.R. 7.1(d) and the Court's individual rules.

Pursuant to E.D. Mich. L.R. 7.1(a), the undersigned states that on July 9, 2010, American's counsel attempted to call Plaintiff's counsel, but was unable to leave a voicemail, and therefore, American's counsel emailed Plaintiff's counsel explaining the basis of American's motion and inquired whether Plaintiff would concur with the same or not. On July 10, 2018, American's counsel reached Plaintiff's counsel by telephone regarding whether Plaintiff intends to oppose American's partial motion to dismiss, and Plaintiff's counsel confirmed that Plaintiff intends to oppose the motion. L.R. 7.1(a)(2)(A). American confirms that it has satisfied the concurrence requirements under L.R. 7.1(a).

Respectfully submitted:

JAFFE, RAITT, HEUER & WEISS, P.C.

By: /s/Scott R. Torpey
Scott R. Torpey (P36179)
Justin M. Schmidt (P78125)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
(248) 351-3082 (fax)
storpey@jaffelaw.com
jschmidt@jaffelaw.com
toconnell@jaffelaw.com

Dated: July 10, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER SHEFMAN,

        Plaintiff,

vs.

        Case No. 2:18-cv-11477
        Honorable David M. Lawson
        Magistrate Anthony P. Patti

AMERICAN AIRLINES, INC.,

        Defendant.

---

Danielle Cadoret (P77162)
*Attorney for Plaintiff*
400 Monroe Avenue, Suite 290
Detroit, Michigan 48226
(734) 925-6655
(734) 808-0078 (Fax)
DCadoret11@gmail.com

JAFFE RAITT HEUER & WEISS, PC
Scott R. Torpey (P36179)
Justin M. Schmidt (P78125)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@jaffelaw.com
jschmidt@jaffelaw.com
toconnell@jaffelaw.com

---

**DEFENDANT AMERICAN AIRLINES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AND PUNITIVE DAMAGES REQUEST**

## STATEMENT OF ISSUES PRESENTED

1. Should this Court dismiss Plaintiff's negligent infliction of emotional distress claim because Plaintiff failed to plead, as required under Michigan law, any allegations that Plaintiff witnessed negligent injury to a third person and suffered mental disturbance as a result?

    American answers: Yes.

2. Should this Court dismiss Plaintiff's request for punitive damages because punitive damages are not recoverable under Michigan law unless expressly authorized by statute, and Plaintiff pleaded no applicable statute and no statute authorizes the recovery of punitive damages in this case?

    American answers: Yes.

## **STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

Pursuant to E.D. Mich. L.R. 7.1(d)(2), American provides the following as the controlling and/or most appropriate authority for the relief sought.

**Cases**

*Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 729 N.W.2d 277 (2006)

*Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 504 N.W.2d 715 (1993)

*Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749, 685 N.W.2d 391 (2004)

**Rules**

Fed. R. Civ. P. 12(b)(6)

## PRELIMINARY STATEMENT

Defendant American Airlines, Inc. ("American"), by and through its undersigned attorneys, respectfully submit this Memorandum of Law in support of its partial motion to dismiss under Fed. R. Civ. P. 12(b)(6) Plaintiff Peter Shefman's ("Plaintiff") negligent infliction of emotional distress claim and request for punitive damages, for failure to state a claim upon which relief can be granted.

## STATEMENT OF RELEVANT FACTS

According to Plaintiff's Complaint, on May 24, 2016, Plaintiff was scheduled to travel on American Airlines Flight 450 (the "Aircraft") from Detroit Metropolitan Wayne County Airport ("DTW") to Los Angeles International Airport ("LAX") with a layover at Phoenix Sky Harbor International Airport ("PHX"). (Doc. 1, Pl.'s Compl., ¶ 8.) Plaintiff alleges that during the Flight, he was seated in an aisle seat when a fully stocked, unsecured, and unattended beverage cart rolled down the aisle and struck his right knee with great force causing immediate pain and injury. (*Id.*, ¶¶ 1, 9-12.)

Plaintiff alleges that flight attendants rushed over to him and apologized for abandoning the beverage cart and informed the Captain who contacted American representatives and the paramedics about Plaintiff's injury. (*Id.*, ¶ 13.) Plaintiff alleges the flight attendants were unable to locate a first aid kit on board the Aircraft and only offered Tylenol and no other medical assistance. (*Id.*, ¶ 15.) Plaintiff alleges

the flight attendants failed to inquire whether there were any medical personnel on board the Aircraft. (*Id.*, ¶ 16.) Plaintiff alleges he spent the rest of the Flight to Phoenix in pain and agony, which was exacerbated by the crew's inability to handle his panic and anxiety. (*Id.*, ¶ 17.)

Plaintiff claims he was required to be taken off the aircraft in Phoenix by paramedics and transported to an emergency room and was diagnosed with spinal stenosis and right knee derangement. (*Id.*, ¶¶ 14, 19.) He claims he received shots of morphine at the emergency room in Phoenix and was provided knee and back braces and crutches and prescription medication for his pain and swelling. (*Id.*, ¶¶ 19-20.) Plaintiff further claims he was restricted to bed rest when he arrived on a later flight to Los Angeles. (*Id.*, ¶ 21.)

Plaintiff alleges he was diagnosed with spinal stenosis and right knee derangement with resultant continuing severe back and leg dysfunction. (*Id.*, ¶ 22.) He alleges he has significant interference with stability and movement, extremely limited walking and ability to sit, bend, use the restroom, inability to sleep, and anxiety. (*Id.*, ¶ 23.) He also claims he is unable to work, socialize, or exercise. (*Id.*, ¶ 23.1 (Plaintiff has two paragraphs labeled Paragraph 23; therefore, American labels the second Paragraph 23 as Paragraph 23.1).

Plaintiff alleges two causes of action against American: 1) negligence; and 2) negligent infliction of emotional distress. (*Id.*, ¶¶ 24-45.) Plaintiff alleges generally

2

that American negligently managed, maintained, operated and/or controlled the beverage cart by failing to lock and secure it, which caused it to roll down the aisle and injure Plaintiff. (*Id.*, ¶¶ 24-35.)

As to Plaintiff's negligent infliction of emotional distress claim, Plaintiff alleges generally that American breached its duty of care to Plaintiff and unreasonably endangered the physical and mental well-being of Plaintiff, which constitutes extreme and outrageous conduct beyond all bounds of decency. (*Id.*, ¶¶ 38-40.) As a result, Plaintiff claims he suffered and continues to suffer substantial emotional distress. (*Id.*, ¶ 42.)

Plaintiff seeks compensatory in an amount in excess of $75,000.00, and punitive damages in an amount to be determined at trial for American's alleged gross negligence and reckless disregard for safety and well-being of passengers, including Plaintiff. (*Id.*, PgID 9-10.)

## ARGUMENT

I. **Motion To Dismiss Standard Under Fed R. Civ. P. 12(b)(6)**

Under Fed. R. Civ. P. 12(b)(6), courts must dismiss a complaint if it fails to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, courts must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *See Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). To survive a motion to dismiss,

the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). A claim is facially plausible if "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

## II. Plaintiff's Negligent Infliction of Emotional Distress Claim Must Be Dismissed

Under Michigan law, the tort of negligent infliction of emotional distress is limited only to situations where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result. *See Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 629, 504 N.W.2d 715, 720 (1993) (citing *Deitz v. Wometco W. Mich. TV, Inc.*, 160 Mich. App. 367, 380-381, 407 N.W.2d 649 (1987); *Wargelin v. Mercy Health Corp.*, 149 Mich. App. 75, 385 N.W.2d 732 (1986)).

Here, Plaintiff did not plead any allegations of negligent infliction of

emotional distress as required under Michigan law. Plaintiff does not allege that he witnessed any negligent injury to a third person. (Doc. 1, ¶¶ 36-45.) Additionally, any suggestion that Plaintiff witnessed a negligent injury to himself does not support a claim for negligent infliction of emotional distress under Michigan law. *See Duran*, 200 Mich. App. at 629. Accordingly, the Court must dismiss Plaintiff's claim for negligent infliction of emotional distress under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

### III. Plaintiff's Punitive Damages Request Must Be Dismissed

Plaintiff requests punitive damages as a result of American's alleged gross negligence and reckless disregard for safety, well-being and rights of Plaintiff. (Doc. 1, PgID 10.) Michigan law does not allow recovery of punitive damages absent express statutory authority. *See Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749, 765, 685 N.W.2d 391, 400 (2004) ("[C]ourts must be mindful of the fact that punitive damages are available in Michigan *only* when expressly authorized by the Legislature." (Court's emphasis)); *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 400, 729 N.W.2d 277, 286 (2006)). Plaintiff does not plead any applicable statute and no statute authorizes punitive damages in this case. Accordingly, the Court must dismiss Plaintiff's punitive damages request.

5

        Respectfully submitted:

        JAFFE, RAITT, HEUER & WEISS, P.C.

        By: /s/Scott R. Torpey
        Scott R. Torpey (P36179)
        Justin M. Schmidt (P78125)
        Timothy J. O'Connell (P79737)
        *Attorneys for Defendant*
        27777 Franklin Road, Suite 2500
        Southfield, Michigan 48034
        (248) 351-3000/(248) 351-3082 (fax)
        storpey@jaffelaw.com
        jschmidt@jaffelaw.com
        toconnell@jaffelaw.com

Dated: July 10, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2018, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

        By: /s/ Katherine M. Abrignani